UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE WALLACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-1276-ACL |
| | ) | |
| DORIS FALKENRATH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

On June 6, 2012, petitioner pled guilty to felony assault in the first degree, felony burglary in the first degree, felony discharge of firearm from a motor vehicle, felony unlawful possession of a firearm, felony unlawful use of a weapon, and two counts of felony armed criminal action. *State v. Wallace*, No. 1022-CR-05017-01 (22nd Cir. Ct. Jun. 6, 2012). On July 13, 2012, the Circuit Court for the City of St. Louis sentenced petitioner to life imprisonment to be served concurrent with a 150-month sentence ordered in a federal case, *United States v. Wallace*, No. 4:10-cr-00523-JCH (E.D. Mo. Aug. 11, 2011). Petitioner did not file a direct appeal. Nor did he file a state court petition for habeas corpus.

Petitioner filed the instant § 2254 petition on November 29, 2022.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed more than ten years after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than June 23, 2023**, why this action should not be dismissed as time barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed without further notice to plaintiff.

Dated this 2nd day of June, 2023.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE
