UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE WALLACE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:22-CV-01276-ACL |
| | ) |
| DORIS FALKENRATH, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Lawrence Wallace for a writ of habeas corpus under 28 U.S.C. § 2254.

**I.      Procedural History**

Wallace is currently incarcerated at Jefferson City Correctional Center in Jefferson City, Missouri, pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis, Missouri.  (Doc. 14-7.)

On June 6, 2012, Wallace pleaded guilty to the following charges:   first-degree assault, armed criminal action, first-degree burglary, armed criminal action, unlawful use of a weapon (discharge), unlawful possession of a firearm, and unlawful use of a weapon (exhibiting).  *Id.*  On July 13, 2012, the court sentenced Wallace to life imprisonment to be served concurrently with a 150-month sentence ordered in a federal case, *United States v. Wallace*, No. 4:10-cr-00523-JCH (E.D. Mo. Aug. 11, 2011).  *Id.*   Wallace did not file a direct appeal, nor did he file a state court petition for habeas corpus.

Wallace filed the instant Petition on November 29, 2022, in which he raises a double jeopardy claim and an ineffective assistance of counsel claim.  (Docs. 1, 7.)

1

This Court directed Wallace to show cause why this action should not be dismissed as time barred.  (Doc. 10.) Wallace filed a Response to the Court's Show Cause Order on June 27, 2023.  (Doc. 11.)

Respondent argues that the Petition should be denied because it is untimely, Wallace's claims are procedurally defaulted, and his claims fail on their merits.  (Doc. 14.)

## II.  Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard.  *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999).  "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)).  Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  *See also Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the

state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *see also Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006); *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).   In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.   Rather that application must also be unreasonable."  *Williams*, 529 U.S. at 411.

### III. Statute of Limitations

State prisoners can only file for federal habeas relief within one year of completing state review.   28 U.S.C. § 2244(d)(1).   The statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A).   A habeas petition filed after the expiration of the limitations period is untimely and must be dismissed on that basis.   *Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)).

Pursuant to Missouri Supreme Court Rules 30.01 and 81.04, Wallace had 10 days after the plea court's July 13, 2012 judgment in which to file an appeal.   Wallace did not appeal his convictions or sentences.   (Doc. 14-3 at 5.)   His convictions, therefore, became final on July 23, 2012, and the statute of limitations began to run on this date.

Wallace alleges that he filed some post-judgment motions in 2021.   (Doc. 7 at 3.)   These motions did not toll the statute of limitations, because it had already expired prior to 2021.   The post-conviction motions themselves were also untimely filed.   *See* 28 U.S.C. § 2244(d)(2) (statute is tolled while a "*properly filed* application for State post-conviction or other collateral review...is pending") (emphasis added).

As a result, Wallace's Petition, filed on November 29, 2022, is not timely under 28 U.S.C. § 2244(d)(1)(A).

Wallace does not dispute that his Petition was untimely filed, but argues that the Court should not dismiss the Petition as time-barred because it is meritorious and because he was diagnosed as "mentally retarded" during his federal case proceedings. (Doc. 11 at 3-4.)

"Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotations omitted). The Eighth Circuit has held that equitable tolling was not warranted "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Furthermore, the court "will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued [their] rights." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007)).

In the present case, Wallace has not met the threshold requirement necessary to show that he was prevented from pursuing a federal petition from July 23, 2012, to July 2013, because he has not submitted any evidence to show that "a mental condition [actually] prevented him from understanding and managing his affairs generally and from complying with the deadline he seeks to toll." *Lyons v. Potter,* 521 F.3d 981, 983 (8th Cir.2008), *quoting Jessie v. Potter,* 516 F.3d 709, 715 (8th Cir. 2008); *see also Worley v. Lytle,* 221 F.3d 1354, 2000 WL 963169, * *2 (10th Cir. 2000) (alleged mental incompetence did not establish an inability to meet the time deadline); *Fisher v. Johnson,* 174 F.3d 710, 715-16 (5th Cir. 1999) (mentally ill inmate confined in psychiatric ward under medication for seventeen days did not warrant equitable tolling).

4

Despite Wallace's diagnosis of mental retardation, the state court implicitly found he was competent to proceed and enter guilty pleas. *See Grass v. Reitz*, 749 F.3d 738, 743 (8th Cir. 2014) (the presumption of correctness applies not only to express findings of the state court but also to implicit findings in reviewing state habeas petition). Further, his filings in this action have demonstrated an ability to effectively litigate his claim notwithstanding any mental diagnosis. (Docs. 1, 11, 20, 21.)

Wallace has failed to demonstrate that he was prevented from timely filing his Petition. Thus, the instant Petition for habeas relief should be dismissed as untimely.

## IV. Procedural Default

Respondent argues in the alternative that Wallace's claims are procedurally defaulted because he did not present them to the state courts. Specifically, Respondent notes that Wallace did not file a timely motion for post-conviction relief under Missouri Supreme Court Rule 24.035.

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted). A claim must be presented at each step of the judicial process in State court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for

5

the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Wallace did not file a timely post-conviction relief motion. The "failure to file a timely Rule 24.035 postconviction motion constitutes" a procedural default. *Weeks v. Bowersox*, 119 F.3d 1342, 1350 (8th Cir. 1997).

To establish legally sufficient cause for the procedural default, Wallace must demonstrate that some objective factor external to the defense impeded his efforts to comply with a state procedural requirement. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Coleman*, 501 U.S. at 750–52. To establish actual prejudice, a petitioner must demonstrate that the alleged errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (internal citations omitted).

Wallace does not attempt to demonstrate cause for his default. Thus, Wallace's claims are procedurally defaulted.

## V.    Petitioner's Claims

The Court has already found that the Petition is untimely and that Wallace's claims are procedurally defaulted. As will be briefly discussed below, his claims are also meritless.

### 1. Ground One

In his first ground for relief, Wallace argues that his rights under the Double Jeopardy Clause were violated by the State's prosecution of him for the same conduct that formed the United States' prosecution. (Doc. 7 at 4-7.)

6

Under the well-established dual sovereign doctrine, the Double Jeopardy Clause is not violated when separate sovereigns, such as the federal government and a state, each prosecute a defendant based on the same criminal act. *United States v. Lanza*, 260 U.S. 377, 382 (1922). The Supreme Court has repeatedly reaffirmed that the dual sovereign doctrine permits both the federal government and a state to prosecute a defendant for the same conduct. *See Bartkus v. Illinois*, 359 U.S. 121, 132 (1959) ("Since *Lanza* the Court has five times repeated the rule that successive state and federal prosecutions are not in violation of the Fifth Amendment."); *Abbate v. United States*, 359 U.S. 187, 195 (1959) (declining to overrule *Lanza* and "its firmly established principle"); *Heath v. Alabama*, 474 U.S. 85, 88–89 (1985) (explaining the dual sovereign doctrine and noting that the Court has "uniformly held" that the federal and state governments may each prosecute a defendant for the same conduct).

Thus, Wallace's claim is meritless.

2. **Ground Two**

In his second ground for relief, Wallace argues that he received ineffective assistance of trial counsel, because counsel did not inform the trial court that his IQ was 68, nor did counsel advise Wallace that he could plead "mental defect." (Doc. 7 at 8.)

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Id.* at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). To show deficient performance, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

7

The record reflects that Wallace was arrested on his federal charges on September 24, 2010 (Doc. 14-2 at 7), and on the state charges on October 21, 2010.  (Doc. 14-3 at 1.)   As Wallace notes, he underwent a psychological evaluation at the request of his attorney in his federal case in December 2010, while his state charges were pending.  (Doc. 14-2 at 14, Doc. 78 (sealed document).)   The examining psychologist found that Wallace was competent to proceed to trial or enter a plea of guilty despite his mental impairments, including his diagnosis of mental retardation.  (Doc. 14-2 at 16, Doc. 104 (sealed document)).   Wallace entered pleas of guilty to his federal charges in May 2011 (Doc. 14-2 at 19, Doc. 133), and to his state charges in June 2012 (Doc. 14-7).

Based on this record, Wallace cannot show prejudice resulting from his state court counsel's failure to raise a claim related to Wallace's mental impairments.   Thus, Wallace's ineffective assistance of counsel claim lacks merit.

### VII.     Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right.  See 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999).   A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.   See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).   In this case, Wallace has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

**IT IS FURTHER ORDERED** that Petitioner's pending motions are **denied**.

      /s/ *Abbie Crites-Leoni*
    ABBIE CRITES-LEONI
    UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of February, 2026.